**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERIC JOHN MILLIGAN, | DOCKET NUMBER |
| Appellant, | CH-0752-20-0387-C-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: April 20, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric John Milligan, Loogootee, Indiana, pro se.

Matthew G. Neumann, Rock Island, Illinois, for the agency.

Robert L. May Jr., Esquire, Crane, Indiana, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of a settlement agreement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed an appeal challenging his removal from his position as a WG-5703-08-05 Motor Vehicle Operator with the Crane Army Ammunition Activity in Crane, Indiana. *Milligan v. Department of the Army*, MSPB Docket No. CH-0752-20-0387-I-1, Initial Appeal File (IAF), Tab 1 at 1. While the appeal was pending, the parties entered into a settlement agreement that resolved the appellant's Board appeal and all of his claims against the agency related to his removal. IAF, Tab 14. Under the terms of the settlement agreement, the appellant agreed to withdraw his Board appeal and prior claims against the agency, and, in return, the agency agreed, in relevant part, to "provide a neutral reference to private parties who ask for employment information about Appellant when the inquiry is directed to [Civilian Personnel Advisory Center - Crane Army Ammunition Activity (CPAC-CAAA),]" by simply confirming the dates of the appellant's employment and his former position title. *Id.* at 5.[2] The agreement also explicitly provided that:

---

[2] The agency also agreed to pay the appellant $50,000. *Id.*

> Appellant understands a Privacy Act release signed by Appellant, and or his legal representative, will likely cause a responding Federal agency (including the Army) to release all records identified in the Privacy Act release. Appellant further understands the Agency is prohibited from withholding any portion of his employment information from other Federal entities pursuant to Executive Order 13839.

*Id.*

The administrative judge thereafter issued an initial decision finding that the appeal was within the Board's jurisdiction and that the settlement agreement was lawful on its face, freely entered into, and that the parties understood its terms. IAF, Tab 15, Initial Decision at 2. Accordingly, she entered the agreement into the record for the purposes of enforcement by the Board and dismissed the appeal as settled. *Id.* at 2-3.

The appellant subsequently filed a petition for enforcement contending the following: "failure to comply with Mediated Settlement Agreement." *Milligan v. Department of the Army*, MSPB Docket No. CH-0752-20-0387-C-1, Compliance File (CF), Tab 1 at 2. He alleged that the agency kept him "from obtaining employment with at least eleven jobs," argued that his final Standard Form 50 (SF-50) documenting his removal contained several errors—such as failing to note the parties' settlement agreement—and maintained that the agency had reported "unproven negative" information about him to the Defense Counterintelligence and Security Agency, which he learned through a Privacy Act request. CF, Tab 7 at 4-6; *see also* IAF, Tab 1 at 23. The agency maintained that it had fully complied with the settlement agreement. CF, Tab 6.

Without holding the requested hearing, the administrative judge issued a compliance initial decision finding the agency in compliance with the settlement agreement. CF, Tab 11, Compliance Initial Decision (CID) at 9. The administrative judge found, among other things, that the appellant did not show that the agency materially breached the settlement agreement with regard to his removal SF-50 because the plain language of the settlement agreement's

"neutral reference" clause did not require the agency to alter the appellant's personnel file. CID at 5-6. She also found that the appellant failed to show that the agency materially breached the settlement agreement's "neutral reference" clause because the plain language of the agreement only obligated the agency to provide a neutral reference to private parties who reached out to the agency at the address and phone number designated in the agreement, not to provide a neutral reference to other Federal agencies[3] or to withhold any information requested during an investigation of the appellant's suitability for another federal position. CID at 6-7. To this end, she concluded that the appellant knowingly and intentionally waived any agency obligation under the settlement agreement regarding the release of information in the context of background investigations. CID at 7-8. The administrative judge thus denied the appellant's petition for enforcement. CID at 10.

The appellant has filed a petition for review of the compliance initial decision. Compliance Petition for Review (CPFR) File, Tab 1. On review, he reiterates his general claims that the agency made non-neutral disclosures about him and that his final SF-50 contains multiple inaccuracies. *Id.* at 5-8. He asks the Board to ensure the agency's compliance with the neutral reference provision "not only through CPAC responses but in all official [F]ederal reporting mechanisms that impact future employment" and to adjust his SF-50 to "support

---

[3] On this point, we note some conflicting language within the initial decision. In one place, the decision states that the settlement agreement gave the agency the freedom to provide a negative reference to a Federal agency *or contractor* seeking a reference. CID at 6 (emphasis added). However, in each other reference to this settlement term, the decision describes the agency as having that freedom to provide a negative reference only to a Federal agency. CID at 2, 5-7. Under the circumstances, we interpret the one reference to contractors as a scrivener's error. In any event, we find the error harmless because the record contains no evidence indicating that the agency provided a negative reference to any contractor in violation of the settlement agreement.

the intended mutual benefit of the settlement."[4]  *Id.* at 7, 8.  The agency has filed a response.  CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Stasiuk v. Department of the Army*, 118 M.S.P.R. 1, ¶ 5 (2012).  A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law.  *Id.*  When, as here, the appellant files a petition for enforcement of a settlement agreement over which the Board has enforcement authority, the agency must produce relevant, material, and credible evidence of its compliance with the agreement.  *Id.* However, the ultimate burden of proof is on the appellant, as the party seeking enforcement, to show that the agency failed to fulfill the terms of the agreement. *Id.*

Here, we agree with the administrative judge that the appellant failed to establish that the agency materially breached the settlement agreement.  As the administrative judge correctly explained, the plain language of the settlement agreement did not require the agency to alter the appellant's final SF-50 or other employment records in any respect, and it did not require the agency to provide a neutral reference to other Federal agencies or withhold any information requested during an investigation of the appellant's suitability for another federal position, as the appellant appears to be alleging.  CID at 5-7.  Furthermore, as the administrative judge properly pointed out, the appellant did not provide any evidence demonstrating that the agency actually provided a negative reference to

---

[4] The appellant also resubmits documents that he submitted with his compliance appeal. *Compare* CF, Tab 1 at 19-73 *with* CPFR File, Tab 1 at 9-63.  However, evidence that is already part of the record is not new evidence that warrants granting review.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); *see* 5 C.F.R. § 1201.115(d) (identifying new and material evidence as a basis on which the Board may, in appropriate circumstances, grant review).

"at least eleven" employers, whereas the agency submitted an affidavit from a human resources official swearing under penalty of perjury that she has never received a request for a reference check for the appellant and has never provided any information about the appellant's employment or removal to any non-Federal entity or private employer. CID at 8-9; CF, Tab 6 at 11-12. Because the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made thorough, reasoned conclusions, we discern no reason to disturb her findings. *See, e.g.*, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

On review, the appellant does not dispute any of the administrative judge's findings; instead, he simply reargues his claims from below. CPFR File, Tab 1 at 5-8. However, the mere reargument of issues already raised and properly resolved by the administrative judge below does not establish a basis for review. *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987). Furthermore, we note that the appellant expressly acknowledges in his petition for review that "[he] understand[s] that the agreement *does not specifically require a change to the SF-50*, but [] believe[s] this adjustment would support the intended mutual benefit of the settlement . . . ." CPFR File, Tab 1 at 8 (emphasis added). He also specifically states that he believes that a "truly neutral reference should include neutral entries in all personnel and security databases . . . ." *Id.* at 6. As noted above, he requests the agency's compliance with the neutral references provision "not only through CPAC responses but in all official [F]ederal reporting mechanisms that impact future employment" and asks that "all derogatory data" from systems used to assess clearance eligibility be corrected or removed. *Id.* at 7. But as discussed above and correctly explained by the administrative judge in the compliance initial decision—and seemingly conceded by the appellant—such terms are not a part of the settlement agreement.

When an agreement's words and meaning are unambiguous, as they are here, its terms are not subject to variation. *Slattery v. Department of Justice*, 590 F.3d 1345, 1347 (Fed. Cir. 2010). Although the appellant may now wish that the settlement agreement included language like he asks for above, the Board has no authority to unilaterally modify the terms of a settlement agreement or to read a nonexistent term into an agreement that is unambiguous. *Flores v. U.S. Postal Service*, 115 M.S.P.R. 189, ¶ 10 (2010) (citing *Galatis v. U.S. Postal Service*, 109 M.S.P.R. 651, ¶ 10 (2008); *Hamilton v. Department of Veterans Affairs*, 92 M.S.P.R. 467, ¶ 6 (2002)).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.